Matthew Hurayt appeals from a judgment of the common pleas court classifying him as a sexual predator in accordance with the provisions of Chapter 2950 of the Revised Code. On this appeal, he challenges the constitutionality of the sexual predator law, the adequacy of the trial court's hearing held prior to making the sexual predator determination, and the court's refusal to appoint an expert. After a careful review of these issues, we affirm the judgment of the trial court.
The history of the case reveals that on October 17, 1990, the grand jury indicted Matthew Hurayt for two counts of rape and two counts of sexual battery with violence specifications for actions involving sexual abuse of his two nephews, age four and six respectively. Hurayt pled guilty to the two sexual battery counts with specifications, and the court sentenced him to concurrent terms of two to ten years.
Almost seven years later, on July 29, 1997, in accordance with provisions of Chapter 2950 of the Revised Code, the court conducted a sexual predator classification hearing where the prosecutor reported at Tr. 4-5, the facts of the case obtained from reports of the psychiatric and psychological interviews of the victims, the four and six-year old nephews of Hurayt; that he, and his sister, their mother, abused them in numerous ways. Specifically, Hurayt peed in our mouths", "sucked my penis and we sucked on his penis" and references to various acts involving feces being rubbed on their faces. At the classification hearing, Hurayt presented no evidence. Thereafter, the court found him to be a sexual predator.
Hurayt now appeals from this determination, and presents twelve assignments of error for our review, the first of which states as follows:
I.
 H.B. 180, AS APPLIED TO APPELLANT, VIOLATES ART. I, SEC. 10, OF THE UNITED STATES CONSTITUTION AS EX POST FACTO LEGISLATION, AND VIOLATES ART. II, SEC. 28, OF THE OHIO CONSTITUTION AS RETROACTIVE LEGISLATION.
This same issue has been decided in State v. Cook (1998),83 Ohio St.3d 404. The syllabus there reads:
 1. R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Retroactivity Clause of Section 28, Article II
of the Ohio Constitution.
 2. R.C. 2950.09 (B) (1), as applied to conduct prior to the effective date of the statute, does not violate the Ex Post Facto Clause of Section 10, Article I
of the United States Constitution.
Accordingly, this assignment of error is overruled.
Assignments of error two, four, five, six, seven, eight, nine, ten, eleven, and twelve, state:
II.
 THE SEXUAL PREDATOR HEARING IN THE CASE AT BAR VIOLATED APPELLANTS DUE PROCESS RIGHTS, GUARANTEED BY THE UNITED
 STATES AND OHIO CONSTITUTION, WHEN THE HEARING FAILED TO COMPORT WITH THE MANDATES OF H.B. 180. WHICH INCLUDE "WITNESSES," "EVIDENCE," AND THE "RIGHT TO CROSS-EXAMINE" THE EVIDENCE AGAINST APPELLANT.
IV.
 APPLICATION OF H.B. 180 IN THE CASE AT BAR VIOLATES THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.
V.
 APPLICATION OF "CLEAR AND CONVINCING EVIDENCE" STANDARD IN APPELLANTS H.B. 180 HEARING VIOLATES EQUAL PROTECTION, GUARANTEED BY THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION, AND DUE PROCESS, GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
VI.
 H.B. 180 IS VOID FOR VAGUENESS SINCE IT COMPELS A COURT TO MAKE A PREPONDERANCE DETERMINATION BASED UPON CLEAR AND CONVINCING EVIDENCE.
VII.
H.B. 180 IS AN UNCONSTITUTIONAL BILL OF ATTAINDER.
VIII.
 H.B. 180, AS APPLIED TO APPELLANT, CONSTITUTES DOUBLE JEOPARDY, IN VIOLATION OF THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND ART. I, SEC. 10 OF THE OHIO CONSTITUTION.
IX.
 THE PUBLIC NOTIFICATION PROVISIONS OF H.B. 180, AS APPLIED TO APPELLANT, VIOLATE APPELLANTS CONSTITUTIONAL RIGHT TO PRIVACY.
X.
 H.B. 180, WITH ITS LEGISLATED STIGMA OF PUBLIC NOTIFICATION, CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT, IN VIOLATION OF THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ART. I, SEC. 9, OF THE OHIO CONSTITUTION.
XI.
 APPLICATION OF H.B. 180 TO APPELLANT, WHO PLED GUILTY TO OFFENSES PRIOR TO THE EFFECTIVE DATE OF THIS LEGISLATION, VIOLATED APPELLANTS DUE PROCESS RIGHTS AND CRIM.R. 11, SINCE HE COULD NOT HAVE BEEN INFORMED OF THE REGISTRATION/NOTIFICATION CONSEQUENCES OF HIS PLEA AT THE TIME OF HIS PLEA.
XII.
 THE TRIAL COURT ERRED IN IMPOSING REGISTRATION REQUIREMENTS UPON APPELLANT, SINCE APPELLANT WAS SENTENCED PRIOR TO THE EFFECTIVE DATE OF R.C. 2950.04, WHICH PROVIDES FOR THE MANNER OF OFFENDER REGISTRATION.
These concern issues which have been decided by a panel of our court in State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported, ___ App.3d ___. Accordingly, in conformity with that opinion, we reject those contentions and overrule those assignments of error.
Hurayt's third assignment of error states:
III.
 THE EVIDENCE IS INSUFFICIENT, AS A MATTER OF LAW, TO PROVE "BY CLEAR AND CONVINCING EVIDENCE" THAT APPELLANT "IS LIKELY TO ENGAGE IN THE FUTURE IN ONE OR MORE SEXUALLY ORIENTED OFFENSES."
Hurayt contends the court erred in determining him to be a sexual predator because the state did not present clear and convincing evidence he is likely to participate in sexually oriented offenses in the future. The state maintains that it sustained its burden of proof in this regard. Thus, the issue before us, then, concerns whether the trial court correctly determined Hurayt to be a sexual predator.
R.C. 2950.09 (B) (1) provides for a hearing during which the court determines whether the individual is a sexual predator and states in relevant part:
 * * * At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. * * *
R.C. 2950.09 (B) (2) provides in relevant part:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offenders sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense * * * displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09 (B) (3) provides the court is to then determine whether the offender is a sexual predator by clear and convincing evidence.
It is important to recognize that such a determination, while imposing a registration burden on the individual classified and a notification requirement on governmental authorities, does not itself constitute commission of a crime, and therefore neither places the classified individual in jeopardy, nor denies that person any constitutional rights. The proceeding itself is not a criminal one, does not carry a criminal burden of proof, and should not be construed as anything more than a judicial determination of one's status.
It is entirely conceivable that in instances where, even after hearing, newly discovered evidence is presented, a trial court could conduct a new hearing and change its earlier determination, because the proceeding does not place the offender in jeopardy.
In its consideration of relevant factors following the hearing in this case, the court considered the ages of the victims being four and six years old respectively, the fact that Hurayt engaged in a variety of sexually deviant acts with his nephews, and that Hurayt used his position as their uncle to facilitate the crimes; and the record further reflects Hurayt's date of birth as 12-30-70, making him almost twenty years of age at the time he committed these acts against his nephews.
After reviewing the facts of this case and noting the ages of the victims and Hurayt's age, the fact that these offenses involved multiple victims, the nature of the sexual conduct, its commission as a part of a pattern of abuse, and the display of cruelty in the commission of these offenses, we cannot conclude the trial court abused its discretion in classifying Hurayt as a sexual predator. Accordingly, this assignment of error is overruled.
In his thirteenth assignment of error, Hurayt states:
XIII.
 THE TRIAL COURT ERRED IN CONCLUDING THAT THE OHIO RULES OF EVIDENCE ARE INAPPLICABLE TO H.B. 180 PROCEEDINGS.
Hurayt contends the court erred in failing to apply the rules of evidence to his predator determination hearing. The state contends such hearings are not subject to the rules of evidence. The issue before us, then, is whether the court erred in failing to strictly apply the rules of evidence to Hurayt's predator determination hearing.
In Cook, supra, the court stated at 425, "[a] sexual predator determination hearing is similar to sentencing or probation hearings where it is well settled that the Rules of Evidence do not strictly apply." Thus, this assignment of error is not well taken and is therefore overruled.
In his fourteenth assignment of error, Hurayt contends:
XIV.
 APPELLANT WAS DENIED DUE PROCESS OF LAW KEEN THE HEARING COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION FOR A PSYCHOLOGICAL EVALUATION BY AN EXPERT.
Hurayt argues the court erred in failing to provide him an expert psychological evaluation. The state maintains the court did not abuse its discretion in failing to appoint an expert. The issue before us, then, is whether the court abused its discretion in this matter.
In State v. Esparza (1988), 39 Ohio St.3d 8, where the court denied a request for an expert in connection with a sentencing hearing, the syllabus states:
 * * * expert services must be provided to an indigent defendant only if the court determines within its sound discretion, that such services "are reasonably necessary for the proper representation of a defendant" at the sentencing hearing, pursuant to R.C. 2929.024.
Because, as the court stated in Cook, supra, a sexual predator hearing is similar to a sentencing hearing, and the classification by the court is not considered punishment, the decision of whether psychological expert assistance must be provided at the sexual predator hearing is left to the discretion of the trial court for determination on a case by case basis. Here, the transcript of proceedings of the sexual predator hearing reflects the trial court inquired whether Hurayt wished to supplement his motion for a psychological/psychiatric expert but Hurayt declined to do so. Review of the original motion reveals a simple request for an expert, but provides no basis to justify favorable consideration. Thus, after review, we have concluded the court did not abuse its discretion in determining such an expert witness not reasonably necessary to the proper representation of Hurayt in this case. Accordingly, this assignment of error is without merit and is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendants conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
LEO M. SPELLACY. J. and ANNE L. KILBANE. J. CONCUR
 _________________________ PRESIDING JUDGE TERRENCE O'DONNELL
N.B. This entry is an announcement of the courts decision. See App.R. 22 (B). 22 (D) and 26 (A); Loc. App. R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App. R. 26 (A), is filed within ten (10) days of the announcement of the courts decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this courts announcement of decision by the clerk per App. R. 22 (E). See, also S.Ct.Prac.R. II, Section 2 (A) (a).